IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DARYL CORNELL**                                                                    **PLAINTIFF**

v.                                                              Civil No. 1:12-cv-383-HSO-RHW

**GRG INTERNATIONAL, LTD.**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED DISCOVERY AND GRANTING DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is Defendant GRG International, Ltd.'s Motion [19] to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) and Plaintiff Daryl Cornell's Response [23] or, in the Alternative, Motion [24] for Limited Discovery Regarding GRG International, Ltd.'s Motion to Dismiss.  Having considered the parties' Motions, their respective opposition and rebuttal briefs, the record, and relevant legal authorities, the Court finds that Cornell's Motion [24] for Limited Discovery should be denied, and GRG International, Ltd.'s Motion [19] to Dismiss should be granted.

### I. BACKGROUND

On September 5, 2012, Defendant GRG International, Ltd., an Australian limited company ("GRG Australia"), and nonparty GRG International Corporation, a Mississippi corporation with its principal place of business in Mississippi ("GRG Mississippi"), executed an Agreement [17] with Plaintiff Daryl Cornell, a Mississippi resident.  Pl.'s Compl. [1] at ¶ 14; Def.'s Answer [18] at ¶ 14.  According to Cornell, GRG Australia and GRG Mississippi have breached the Agreement.  Specifically, Cornell alleges that GRG Australia and GRG Mississippi agreed to purchase Cornell's

entire ownership interest in Mississippi-based manufacturing company Triton Systems of Delaware, LLC.  Pl.'s Resp. Mem. [23] at pp. 1-2.

GRG Australia and GRG Mississippi are collectively referred to as "Buyer" in the Agreement, which provides:

> Section 2.2 <u>Consideration</u>. At the closing, the Buyer shall (i) pay Seller the Closing Cash Payment in immediately available funds and (ii) issue Buyer a promissory note (the "<u>Purchase Note</u>") in the original principal amount of REDACTED), all in exchange for REDACTED Units.

Agreement [17] at p. 4.

The Agreement contemplated that the closing date for the purchase would be November 5, 2012, but the deal did not close.  Agreement [17] at p. 5; Pl.'s Compl. [1] at ¶¶ 16-18; Def.'s Answer [18] at ¶ 18.  On December 4, 2012, Cornell instituted this action by filing a Complaint in this Court against GRG Australia only.

GRG Australia contends that Cornell purposely did not name GRG Mississippi as a defendant in order to forum shop because joining GRG Mississippi would destroy federal diversity jurisdiction.  Def.'s Mem. [20] at pp. 1-2. GRG Australia has moved pursuant to Rule 12(b)(7) to dismiss Cornell's lawsuit for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  GRG Australia maintains that GRG Mississippi is a necessary party to this action because

> GRG MS's rights under the Agreement are likely to be impacted by this litigation.  Stated differently, if GRG MS is not allowed to participate in this litigation as a party, there is a potential that GRG MS will be prejudiced by a ruling in this Honorable Court.  For example, if this Honorable Court ultimately decides that Plaintiff is entitled to damages and/or enforcement of the Agreement, such a holding could be used to estop GRG MS from asserting claims to the contrary in a separate action.  In addition, there is a possibility of

> inconsistent judgments or interpretations of the Agreement emerging from two different courts.
> . . .
> As it stands now, there is nothing that would prevent GRG MS from filing a state court action against Cornell for declaratory judgment or to enforce certain provisions of the Agreement, such as the confidentiality clause. Should this occur in state court, such an action would not be subject to removal and consolidation with the instant case because GRG MS is a Mississippi corporation. Thus, it is possible that two actions would proceed with the possibility of having the Agreement interpreted by two different jurisdictions. All of this could be avoided by the dismissal of the instant case and re-filing of a new state court action which includes all the parties to the multi-million dollar transaction that is the subject of the entire litigation.

Def.'s Mem. [20] at p. 5.

In response, Cornell asserts that because GRG Australia and GRG Mississippi are jointly and severally liable to Cornell under the terms of a promissory note attached to the Agreement, GRG Mississippi is not a necessary party and "Cornell is entitled to pursue either or both of the jointly and severally liable GRG entities." Pl.'s Resp. Mem. [23] at pp. 2-4. Cornell likens the GRG entities to joint tortfeasors, who "are not necessary parties as a matter of law." *August v. Boyd Gaming Corp.,* No. 04-30576, 135 F. App'x 731, *2 (5th Cir. June 22, 2005). GRG Australia counters that the GRG entities are instead joint obligors and obligees to a contract, and "joint obligees . . . are indispensable parties in an action for enforcement of that obligation." *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.,* 546 F.2d 1227, 1229 (Former 5th Cir. 1977)(citing *Bry-Man's, Inc. v. Stute,* 312 F.2d 585, 587 (Former 5th Cir. 1963)).

II.  DISCUSSION

A.    Cornell's Request for Discovery

Cornell submits that "[i]n the event that this Court declines to accept the [sic] Cornell's argument, Cornell prays that he be allowed to engage in limited discovery to develop facts necessary to defend against the instant Motion to Dismiss."  Pl.'s Resp. Mem. [23] at p. 4.  Cornell states nothing more than this one sentence in support of his request for discovery.  He does not explain how discovery would aid resolution of the joinder issue or what limited discovery he is seeking.  Moreover, the Agreement which is the source of the dispute is before the Court, and no explanation has been offered why any additional information is needed in order for the Court to reach a decision.  Cornell's Motion [24] to allow limited discovery is not well taken and should be denied.

B.    Rule 12(b)(7) Legal Standard

Federal Rule of Civil Procedure 12(b)(7) allows dismissal of a complaint for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Federal Rule of Civil Procedure 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue."  *HS Res., Inc. v. Wingate,* 327 F.3d 432, 438 (5th Cir. 2003).  "[Rule 19] further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined."  *Id.*  "[I]n a diversity case the question of joinder is one of federal law."  *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 125 n.22 (1968).  "[S]tate-law questions may arise in determining what interest the outsider actually has . . . but the ultimate question whether, given those state defined interests, a

-4-

federal court may proceed without the outsider is a federal matter." *Id.*

"Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry." *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). "First the district court must determine whether the party should be added under the requirements of 19(a)." *Id.* Rule 19(a)(1) requires that a person subject to process and whose joinder will not deprive the court of subject-matter jurisdiction be joined if:

> (A) in that person's absence, the court cannot afford complete relief among existing parties; or
> 
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> 
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest

Fed. R. Civ. P. 19(a)(1).

"While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after an 'initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Hood,* 570 F.3d at 628 (citing *Pulitzer-Polster v. Pulitzer,* 784 F.2d 1305, 1309 (5th Cir. 2006)).

If the district court determines that a party is necessary and the party cannot be joined without destroying diversity, the court must then determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors to consider in making this determination

are:

>  (1)  the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>  (2)  the extent to which any prejudice could be lessened or avoided by:
>  > (A)  protective provisions in the judgment;
>  > (B)  shaping the relief; or
>  > (C)  other measures;
>  (3)  whether a judgment rendered in the person's absence would be adequate; and
>  (4)  whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

*Id.*

C.  <u>Rule 19 Analysis</u>

GRG Australia does not argue that the Court "cannot afford complete relief among existing parties," Fed. R. Civ. P. 19(a)(1)(A), or that it is "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" if GRG Mississippi is not joined as a party, Fed. R. Civ. P. 19(a)(1)(B)(ii).  GRG Australia's Motion to Dismiss is premised upon the assertion that a decision in this Court could "as a practical matter impair or impede [GRG Mississippi's] ability to protect [GRG Mississippi's] interest." Fed. R. Civ. P. 19(a)(1)(B)(i).  In support of its position, GRG Australia cites two decisions, *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.,* 546 F.2d 1227, 1229 (Former 5th Cir. 1977), and *Bry-Man's, Inc. v. Stute,* 312 F.2d 585, 587 (Former 5th Cir. 1963).

In *Harrell,* prime contractor Peabody subcontracted with joint venturers Harrell and Tackett to perform excavation work.  *Harrell,* 546 F.2d at 1228.  Harrell

alone brought suit against Peabody for damages incurred as a result of extra work Peabody allegedly required Harrell and Tackett to perform. *Id.* The Fifth Circuit held that because Harrell and Tackett were joint venturers under the construction subcontract, Tackett was a co-joint obligee and as such was an indispensable party under principles of partnership law. *Id.* at 1229. Joinder of Tackett would have destroyed diversity jurisdiction, but the Fifth Circuit nevertheless affirmed the district court's dismissal of the suit "because of the availability of an adequate remedy in state court, and because of the possibility of a second suit by Tackett alone with an inconsistent result . . . ." *Id.*

In *Bry-Man's*, the plaintiff, who was a broker, alleged that he and a nonparty broker were entitled to a commission for securing a loan for the defendant. *Bry-Man's,* 312 F.2d at 585-86. Joinder of the nonparty broker would have destroyed diversity jurisdiction. *Id.* at 585. The district court dismissed the breach of contract portion of the complaint because of failure to join the nonparty broker but allowed the case to proceed to the jury on a separate quantum meruit claim. *Id.* at 585-86. After a jury found in favor of the plaintiff, the defendant appealed and argued that the district court should have dismissed the entire case for failure to join the nonparty broker. *Id.* at 586. The Fifth Circuit found that the two brokers were "joint adventurers and, moreover, joint obligees" and reversed the judgment. *Id.* at 587-88. In doing so, the Fifth Circuit was persuaded that the "interests of all parties on both sides [were] inextricably bound together in one cause" and that inequity and inconsistency could result if the nonparty broker were to sue in state court. *Id.* at 588.

Here, GRG Australia has met its initial burden of demonstrating "that a possibly necessary party is absent." *Hood,* 570 F.3d at 628. GRG Mississippi is defined in the Agreement as a joint buyer in a multimillion dollar transaction, and it both owes obligations and is entitled to benefits under the Agreement such that it should be considered both an obligor and an obligee. The interests of all parties to the Agreement are substantial and inextricably bound. There is a threat of subsequent litigation, and a decision in this action may create precedent that would impair or impede GRG Mississippi's ability to protect its interest in a future action. Furthermore, there is an adequate remedy in state court.

Cornell has not met his burden of disputing that GRG Mississippi is a necessary party. *Hood,* 570 F.3d at 628. While Cornell focuses on the apparent joint and several obligations of the GRG entities under the Agreement, "accord[ing] complete relief among existing parties" is only one of three factors the Court is required to consider in determining whether a party is necessary. Fed. R. Civ. P. 19(a)(1). Cornell has not sufficiently addressed the factor relied on by GRG Australia, namely, whether a decision in this Court "may as a practical matter impair or impede [GRG Mississippi's] ability to protect [GRG Mississippi's] interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Cornell does not deny that there is an adequate remedy in state court or deny the possibility of a second suit. Pl.'s Resp. Mem. [23] at p. 4. ("Cornell is entitled to pursue either or both of the jointly and severally liable GRG entities. Cornell has elected to pursue GRG, Ltd. at this time . . . ."). The Court must consider "equity and good conscience," Fed. R. Civ. P. 19(b), and the interests to be considered include those "of the public in avoiding repeated lawsuits on the same essential

subject matter," Fed. R. Civ. P. 19 cmt. (1966). Having considered all of the Rule 19(a)(1) and (b) factors, the Court finds that because GRG Mississippi is a necessary and indispensable party within the meaning of Rule 19, and because joinder of GRG Mississippi would destroy federal diversity jurisdiction, GRG Australia's 12(b)(7) Motion [19] to Dismiss should be granted.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Daryl Cornell's Motion [24] for Limited Discovery Regarding GRG International, Ltd.'s Motion to Dismiss is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant GRG International, Ltd.'s Motion [19] to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) is **GRANTED**, and this action is dismissed without prejudice.

**SO ORDERED AND ADJUDGED**, this the 31st day of January, 2014.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE